**UNITED STATES of America,
Appellee–Cross–Appellant,**

v.

**David ROSSE, Defendant–Appellant–
Cross–Appellee.**

**Docket No. 02–1133.**

United States Court of Appeals,
Second Circuit.

Argued: Jan. 17, 2003.

Decided: Feb. 12, 2003.

---

Harold James Pickerstein (Joseph W. Martini, of counsel), Pepe & Hazard LLP, Southport, CT, for Appellant–Cross–Appellee.

Mark G. Califano, Assistant United States (John A. Danaher III, United States Attorney, on the brief), Attorney, District of Connecticut, for Appellee–Cross–Appellant.

Before: VAN GRAAFEILAND, B.D. PARKER, JR., Circuit Judges, RAKOFF, District Judge.*

PER CURIAM.

Defendant-appellant-cross-appellee David Rosse appeals from a judgment of the United States District Court for the District of Connecticut (Ellen Bree Burns, *Judge* ), following his guilty plea to a one-

* The Honorable Jed S. Rakoff, United States District Court for the Southern District of New York, sitting by designation.

count information that charged him with a racketeering conspiracy in violation of 18 U.S.C. § 1962(d). The District Court found a base offense level of 20 and sentenced Rosse to 120 months in prison. On appeal, Rosse challenges the District Court's refusal to depart downward. On cross-appeal, the Government contests the District Court's calculation of Rosse's base offense level.

Rosse claims that the District Court did not understand that it had discretion to depart downward based upon Rosse's conditions of confinement. Rosse, who had entered into a cooperation agreement with the Government, had been released on bond following his guilty plea, but the District Court revoked his bond when he made false statements during his cooperation. Thereafter, Rosse was imprisoned in a series of correctional facilities for two years prior to his sentencing. At sentencing, Rosse alleged that, during these two years, he received neither medication for his back pain nor food suitable for his vegetarian diet. After evidentiary hearings, the District Court decided not to depart downward.

■■■ "A district court's decision not to depart downward from the sentencing guidelines is within the court's discretion and generally unreviewable on appeal." *United States v. Miller*, 263 F.3d 1, 4 (2d Cir.2001) (per curiam). Here, after hearing Rosse's allegations of harsh confinement, the District Court concluded, "I don't think that the conditions of confinement were as harsh as it has been represented" and "I don't think they are so harsh to support a downward departure." Since the District Court understood that it had the discretion to depart downward but chose not to do so, we dismiss Rosse's

appeal. *See United States v. Lawal*, 17 F.3d 560, 562 (2d Cir.1994).

The Government, on its cross-appeal, contends that the District Court erred in determining Rosse's base offense level because the court reasoned that a conviction for money laundering, rather than a RICO conspiracy conviction involving money-laundering, was necessary for a base offense level of 23. We review the District Court's legal interpretation and construction of the Sentencing Guidelines *de novo*. *See United States v. Hidalgo–Macias*, 300 F.3d 281, 284 (2d Cir.2002) (per curiam). Under Sentencing Guidelines § 2E1.1, in calculating the base offense level for Unlawful Conduct Relating to Racketeer Influenced and Corrupt Organizations, a sentencing court must apply the greater of "(1) 19; or (2) the offense level applicable to the underlying racketeering activity." Here, it is undisputed that the underlying racketeering activity was money laundering, for which the base offense level is governed by Sentencing Guidelines § 2S1.1(a) (1999)[1]: "(1) 23, if convicted under 18 U.S.C. § 1956(a)(1)(A), (a)(2)(A), or (a)(3)(A); (2) 20, otherwise."

The Government urges us to apply Sentencing Guidelines § 2S1.1(a)(1), whereas Rosse asks us to affirm the sentencing court's application of § 2S1.1(a)(2). At issue is the meaning of the phrase "if convicted under 18 U.S.C. § 1956(a)(1)(A), (a)(2)(A), or (a)(3)(A)." The Government argues, and Rosse concedes, that the term "convicted" does not require a defendant to have been "convicted" of one of the substantive money laundering promotion offenses enumerated in § 2S1.1(a)(1): "An express direction to apply a particular factor only if the defendant was convicted of a

---

1. The charged offense concluded in May 1999. Thus, because of *ex post facto* issues in this case, the District Court applied—and the parties do not contest—the Sentencing Guidelines in effect at the time of the offense. *See* U.S.S.G. § 1B1.11(b)(1).

particular statute includes the determination of the offense level where the defendant was convicted of conspiracy, attempt, solicitation, aiding or abetting, accessory after the fact, or misprision of felony, in respect to that particular statute." U.S.S.G. § 1B1.3 cmt. n. 6.

■ The Government argues that although Rosse was convicted of a RICO conspiracy under 18 U.S.C. § 1962(d), his base offense level should be calculated as if he were "convicted under 18 U.S.C. § 1956(a)(1)(A), (a)(2)(A) or (a)(3)(A)." These three statutory subsections deal with the promotion of money laundering. Nevertheless, the language of Commentary No. 6 of § 1B1.3 only expands the definition of conviction "in respect to that particular statute." Here, Rosse's conviction was based on the substantive offense of participation in a RICO conspiracy, 18 U.S.C. § 1962(d), not "conspiracy, attempt, solicitation, aiding or abetting, accessory after the fact, or misprision of felony" in respect to 18 U.S.C. § 1956(a)(1)(A), (a)(2)(A) or (a)(3)(A). *Cf. United States v. Ruggiero*, 726 F.2d 913, 923 (2d Cir.1984) ("A RICO conspiracy under § 1962(d) based on separate conspiracies as predicate offenses is not merely a 'conspiracy to conspire' as alleged by appellants, but is an overall conspiracy to violate a substantive provision of RICO ...."). For these reasons, we conclude that the District Court properly determined Rosse's base offense level to be 20, not 23.

■ Finally, we agree with the Government that the District Court erred in stating that Rosse's argument was "apparently confirmed by the Sentencing Commission itself," when such "confirmation" came from a Commission helpline operator. The Sentencing Commission's telephone helpline ((202) 502–4545) specifically warns callers that its suggestions "do not necessarily represent the official position of the

Commission" and are not "definitive" or "binding" on any court. In light of our own *de novo* review of Rosse's sentence, however, we find such error to be harmless.

Accordingly, we AFFIRM the District Court's judgment.