

Villanova University School of Law

Villanova University School of Law Digital Repository

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-3-2006

# Remoi v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3685

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Remoi v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1162.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1162

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3685
_____

OKOCCI REMOI,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A72 748 741
on September 21, 2001
Immigration Judge: Alan L. Page

Initially Docketed as an Appeal from EDPA No. 03-cv-03360
Prior to the Enactment of the Real ID Act of 2005

_____


Submitted Under Third Circuit LAR 34.1(a)
March 21, 2006

Before: SLOVITER, SMITH AND VAN ANTWERPEN, CIRCUIT JUDGES

(Filed: May 3, 2006)
_____

OPINION
_____

PER CURIAM

Okocci Remoi seeks review of a final order of removal issued by the Board of Immigration Appeals (BIA). For the following reasons, we will deny the petition.[1]

Okocci Remoi is a native and citizen of Uganda. Remoi was a student at Rutgers University until he was expelled in 1990, based upon convictions for two counts of criminal sexual contact in violation of N.J.S.A. § 2C:14-3(b) (criminal sexual contact in the fourth degree) for which he received a sentence of time served (77 days) and three years probation. The Immigration and Naturalization Service began deportation proceedings against him in 1994. On September 21, 2001, the Board of Immigration Appeals (BIA) issued a final order of removal against Remoi, finding that he had been convicted of two crimes involving moral turpitude (CIMTs), and that a third 1995 conviction under the same New Jersey statute constituted an aggravated felony because it was a crime of violence under 18 U.S.C. § 16(b) (one Board member dissented). Supplemental Appendix (SA) at 000-014. He then filed a petition for habeas corpus in

_____

[1] Remoi initiated these proceedings by filing a habeas corpus petition under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Pennsylvania, the judicial district in which Remoi was in custody at the time he filed the petition. Following the District Court's denial of habeas corpus relief, Remoi filed a timely notice of appeal to this Court. While his appeal was pending, the REAL ID Act of 2005, Pub L. No. 109-13, 119 Stat. 231, took effect on May 11, 2005. In light of the REAL ID Act, we have determined that such pending appeals are converted to petitions for review under 8 U.S.C. § 1252. See Bonhometre v. Gonzales, 414 F.3d 442, 446 (3d Cir. 2005). Because the matter is fully briefed and ripe for disposition, we decline to transfer it to the Second Circuit, the judicial circuit in which the immigration judge completed the proceedings. See id. at 446 n.5.

the United States District Court for the Southern District of New York challenging that order. The petition was transferred to the United States District Court for the Eastern District of Pennsylvania, as described previously.

The District Court dismissed the habeas petition on August 26, 2004 for lack of jurisdiction. SA 172-81.[2] The District Court held that the BIA had properly found that Remoi had been convicted of two CIMTs, and held that Remoi had not identified any constitutional errors or errors of law in the BIA's determination that he was ineligible for withholding of removal or deferral of removal under the United Nations Convention Against Torture (CAT). Remoi timely appealed, and we now treat the matter as a petition for review.[3]

Although we are partially barred from reviewing a petition for review filed by an alien removable for having committed certain criminal offenses; see 8 U.S.C. § 1252(a)(2)(C); we nevertheless have jurisdiction to review constitutional claims and questions of law raised by such a petition; see 8 U.S.C. § 1252(a)(2)(D); Singh v. Gonzales, 432 F.3d 533, 537 (3d Cir. 2006). Thus, we may review Remoi's legal claim

---

[2] In the meantime, the Government attempted to remove Remoi, but he passively resisted, and was eventually convicted of knowingly preventing and hampering his departure, in violation of 8 U.S.C. § 1253(a)(1)(C). He was sentenced to a term of 64 months imprisonment, followed by two years supervised release. He appealed to this Court, which affirmed the conviction but vacated and remanded for resentencing pursuant to United States v. Booker, 125 S. Ct. 738 (2005). United States v. Remoi, 404 F.3d 789 (3d Cir. 2005). The District Court again sentenced Remoi to a term of 64 months imprisonment. Remoi's appeal of the new sentence is pending in this Court at 05-4866.

[3] This Court denied his motion for a stay of removal on October 27, 2005.

that he did not commit an aggravated felony, his constitutional claim that his due process rights were violated, and any legal claim or application of law to undisputed fact relating to his application for withholding of removal and protection under the CAT.

As noted above, the BIA found that Remoi was removable because he had committed two CIMTs, and also because he had committed an aggravated felony. Remoi does not appear to contest the finding that he committed two CIMTs, and we affirm the BIA's decision in that regard for the reasons stated by the BIA. Remoi does contest, however, the finding that he committed an aggravated felony. The Government argues that we need not reach the issue of whether Remoi committed an aggravated felony, and that the question is "ultimately moot." Appellee's brief at 17, 24-25. However, because Remoi would be permanently barred from entering the United States if we uphold the finding that he committed an aggravated felony, the question is not moot. See 8 U.S.C. § 1182(a)(9)(A)(ii) (2005) (removed alien convicted of an aggravated felony who seeks admission "at any time" is inadmissible); Steele v. Blackman, 236 F.3d 130, 134 n.4 (3d Cir. 2001).

We agree with the BIA that Remoi's 1995 conviction is an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43)(F), which provides that a crime is an aggravated felony if it is:

a crime of violence (as defined in section 16 of Title 18,[4] but not including a purely political offense) for which the term of imprisonment [is] at least one year.

This Court has determined that courts should look at the term of imprisonment actually imposed in order to determine whether a crime falls under this subsection. See United States v. Graham, 169 F.3d 787, 791 (3d Cir. 1999) (interpreting identical "term of imprisonment" language in § 1101(a)(43)(G) to mean term of imprisonment "imposed."). Although Remoi was initially sentenced to 364 days imprisonment for this offense (including 190 days served), SA 075, the BIA's decision states that on September 25, 1996 Remoi was resentenced to incarceration for 18 months for failure to comply with conditions of probation. SA 002, 077. A sentence imposed after violation of probation is viewed as a modification of the original sentence, and should thus be considered as the term "imposed" for the conviction. United States v. Hidalgo-Macias, 300 F.3d 281, 285 (2d Cir. 2002). Thus, Remoi's 1995 crime fits the definition in terms of the length of

---

[4] Pursuant to that section, "The term "crime of violence' means--

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

incarceration.[5]

The question remains whether the crime was a crime of violence. We agree with the BIA that it was, pursuant to the definition of "crime of violence" found in § 16(b). In determining whether the crime falls under section 16(b), we use the categorical approach of Taylor v. United States, 495 U.S. 575 (1990). Tran v. Gonzales, 414 F.3d 464, 469 (3d Cir. 2005). Thus, we examine "the elements and the nature of the offense of conviction, rather than . . . the particular facts relating to petitioner's crime." Id. at 468 (quoting Leocal v. Ashcroft, 543 U.S. 1, 6 (2004)). However, where the statute is written in the disjunctive, we may look to the charging instrument to determine which portion of the statute was violated. United States v. Remoi, 404 F.3d 789, 793 (3d Cir. 2005).[6]

Remoi was convicted under N.J.S.A. § 2C:14-3b (1995). That statute, as it existed in 1995, provided:

> An actor is guilty of criminal sexual contact if he commits an act of sexual contact with the victim under any of the circumstances set forth in section 2C:14-2c. (1) through (5). Criminal sexual contact is a crime of the fourth degree.

The indictment shows that Remoi was charged with committing an act of sexual contact

---

[5] In his brief, Remoi alleges that after the 18 month sentence was imposed on September 25, 1996, his sentence was reduced on that same day to 280 days jail credit as the term of imprisonment. As noted above, our review does not extend to questions of fact. We therefore must accept the BIA's finding that Remoi was sentenced to 18 months imprisonment for this conviction. It further appears that Remoi did not raise this issue before the BIA and has thus failed to exhaust administrative remedies as to the claim.

[6] In Remoi, we determined that Remoi's earlier New Jersey convictions were "crimes of violence" as that term is defined in the sentencing guidelines, U.S.S.G. § 2L1.2. Remoi, 404 F.3d at 795.

6

with the victim "by using physical force or coercion and/or when [the victim] was one whom Okocci Remoi knew or should have known was physically helpless . . . . , " i.e., the circumstances set forth at 2C:14-2c. (1) and (2).[7]  SA 039.

We find that Remoi's conviction fits the definition of § 16(b), because it is (1) "a felony" that (2) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." First, we look to state law to determine if the crime is categorized as a felony.  Francis v. Reno, 269 F.3d 162, 171-72 (3d Cir. 2001).  Although New Jersey does not categorize crimes as "felonies," but rather as crimes of the first, second, third and fourth degrees and as disorderly conduct offenses; see N.J. Stat. Ann. 2C:14-1 (1995); New Jersey has for other purposes defined a "felony" as an offense punishable by more than a year in prison. See State v. Doyle, 200 A.2d 606, 614 (N.J. 1964) (so defining "felony" for purposes of determining whether peace officer may make an arrest without a warrant); N.J. Stat. Ann. § 39:3-10.11 (so defining "felony" for purposes of motor vehicle registration and licensing laws).  As Remoi's crime was punishable by a maximum of 18 months in prison, see N.J.S.A. § 2C:43-6 (a)(4); it thus may be categorized as a felony.

Second, we find that the crime involved "a substantial risk that physical force

_____

[7] Section 2C:14-2c.(1) as it existed in 1995 provided that "The victim is one whom the actor knew or should have known was physically helpless, mentally defective or mentally incapacitated."; section (2) provided that "The actor uses physical force or coercion, but the victim does not sustain severe personal injury."

against the person or property of another may be used in the course of committing the offense." In order to meet the crime of violence definition of section 16(b), there must be a substantial risk that the actor will <u>intentionally</u> use force in the furtherance of the offense. <u>Tran</u>, 414 F.3d at 471 (emphasis in original). Remoi was charged with either "using physical force or coercion," which by definition involves a substantial risk that force will be used, or with sexual contact with a victim who was physically helpless. We agree with other courts that have found in such circumstances that a sexual crime against a physically helpless victim, unable to give consent, involves a substantial risk that physical force will be used. <u>Cf.</u> <u>Lisbey v. Gonzales</u>, 420 F.3d 930, 933 (9th Cir. 2005) (sexual touching against victim's will and by restraint is crime of violence); <u>Zaidi v. Ashcroft</u>, 374 F.3d 357, 361 (5th Cir. 2004) (intentional sexual touching of another with a particular mental state and without consent is crime of violence); <u>Sutherland v. Reno</u>, 228 F.3d 171, 176-77 (2d Cir. 2000) (indecent assault and battery under Massachusetts law is crime of violence; "the non-consent of the victim is the touchstone for determining" whether a given offense involves substantial risk that physical force may be used in commission of offense); <u>see also</u> <u>Remoi</u>, 404 F.3d at 795 ("penetration against a 'physically helpless, mentally defective or mentally incapacitated' victim . . . constitutes a 'forcible sexual offense'" and is therefore a crime of violence for purposes of the sentencing guidelines). Remoi's 1995 conviction is thus a crime of violence under §

16(b), and is therefore an aggravated felony.[8]

Because Remoi's conviction is an aggravated felony, he is barred from applying for asylum.  See Ilchuk v. Attorney General, 434 F.3d 613, 621 (3d Cir. 2006); 8 U.S.C. § 1158(b)(2)(A)(ii) (asylum not available to alien who committed particularly serious crime); 8 U.S.C. § 1158(b)(2)(B)(I) (aggravated felony is particularly serious crime for purposes of asylum statute).

Commission of a "particularly serious crime" also precludes eligibility for withholding of removal under the statute and the CAT.  In the context of withholding of removal:

> an alien who has been convicted of an aggravated felony (or felonies) for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years shall be considered to have committed a particularly serious crime. The previous sentence shall not preclude the Attorney General from determining that, notwithstanding the length of sentence imposed, an alien has been convicted of a particularly serious crime.

8 U.S.C. § 1231(b)(3)(B).  The BIA found that, despite his sentence to time served (77 days) and three years of probation, the second offense under Remoi's first (1990) conviction was a particularly serious crime because Remoi touched the victim in a sexual manner without her consent.  SA 004.

To the extent the BIA's determination was discretionary, we lack jurisdiction to review it.  8 U.S.C. § 1252(a)(2)(B)(ii); Matsuk v. INS, 247 F.3d 999, 1002 (9th Cir.

---

[8] Given our holding, we need not reach the issue of whether Remoi's 1995 conviction would be a crime of violence under § 16(a).

2001). Remoi argues that he is not challenging the discretionary determination that his crime was "particularly serious," but instead raises a due process violation. However, Remoi was given an opportunity before the IJ to challenge the designation of his crime as "particularly serious." On appeal, the BIA looked at the particular facts of Remoi's case in making an individualized determination that his crime was particularly serious. "Due process requires no more." Chong v. District Director, 264 F.3d 378, 387 (3d Cir. 2001) (finding no due process violation in similar circumstances). We therefore must uphold the BIA's determination that Remoi committed a particularly serious crime.

Despite his conviction for an aggravated felony and a particularly serious crime, Remoi would remain eligible for deferral of removal under the CAT if he could show that it is more likely than not that he will be tortured if returned to Uganda. 8 C.F.R. § 208.17. The BIA affirmed the IJ's adverse credibility finding, noting that Remoi had omitted several key elements of his testimony from his application and affidavit in support of his CAT claim. As "credibility determinations are factual matters," see Jishiashvili v. Attorney General, 402 F.3d 386, 392 (3d Cir. 2005), and because Remoi is a "criminal alien," we may not review the determination. 8 U.S.C. § 1252(a)(2)(C).

Again, Remoi attempts to challenge the adverse credibility finding by framing the issue as a due process violation. Remoi appears to make two arguments. First, he argues that the BIA misapplied 8 C.F.R. § 208.18(b), which provides, inter alia, that an alien who has a request for relief under the CAT pending on March 22, 1999 need not

demonstrate that the evidence sought to be offered in support of that claim was unavailable and could not have been discovered or presented at a prior hearing. Remoi argues that because the BIA faulted him for not providing details of his claim in his original application for asylum and withholding, it violated this regulation. However, the BIA did not reject his testimony in support of his CAT claim on the grounds that he did not show that the details he presented were previously unavailable; rather, it found his testimony incredible because it was not reasonable to believe that he would leave compelling, graphic details out of his original application.

Remoi's second argument is that to the extent the adverse credibility finding rested on failure to corroborate his claim, the IJ violated his due process rights by not allowing him to introduce the recorded testimony of a particular Ugandan exile. However, as the Government notes, the IJ did accept into evidence an affidavit from this same person, but gave it no weight, as the exile was not of the same ethnicity as Remoi,[9] and because the exile was granted asylum based on his political activities and not his ethnicity.[10] Further, we note that Remoi declined the IJ's offer of additional time to gather and submit additional evidence about conditions in Uganda. App. A-006. We find no violation of Remoi's due process rights.

_____

[9] Remoi sought asylum and related relief based on persecution on account of his ethnicity.

[10] The Government also notes that there is no evidence in the record that Remoi actually sought to introduce this recorded testimony.

Because Remoi did not produce credible testimony and evidence supporting his claim for protection under the CAT, the BIA properly denied deferral of removal. For the foregoing reasons, we will deny the petition for review.