

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-8-2007

# Ahmed v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1917

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Ahmed v. Atty Gen USA" (2007). *2007 Decisions*. Paper 1801.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1801

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1917
_____

MOHAMMED NAYEEM AHMED,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Review of a Decision of the
Board of Immigration Appeals
(Agency No. A41-372-617)
Immigration Judge:  Henry S. Dogin

_____

Submitted Under Third Circuit LAR 34.1(a)
January 4, 2007

Before:  FISHER, ALDISERT and WEIS, <u>Circuit Judges</u>.

(Filed: January 8, 2007)
_____

OPINION
_____

PER CURIAM

Mohammed Nayeem Ahmed, a citizen of Bangladesh, petitions for review of a

final order of the Board of Immigration Appeals (BIA).  We will deny the petition for

review.

I.

Ahmed entered the United States in 1990 as a lawful permanent resident. In 2001, a New York state court convicted him of fourth-degree grand larceny, see N.Y. PENAL LAW § 155.30, and sentenced him to five years of probation. He subsequently violated the terms of the probation, and – in June 2004 – the court sentenced him to one year in prison. Based on this event, the Government charged Ahmed with removability for having been convicted of an aggravated felony. See INA § 237(a)(2)(A)(iii). Under INA § 101(a)(43)(G), "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year" is an aggravated felony. The Immigration Judge concluded that Ahmed qualified under this provision. A.R. 40.

On appeal to the BIA, Ahmed, who was then assisted by counsel, argued that "[t]he one-year sentence imposed for the violation of probation . . . cannot be considered the 'sentence imposed' for the theft-related offense" described in INA § 101(a)(43)(G). A.R. 7. According to counsel, to hold otherwise would be to thwart the intent of Congress, which – in § 101(a)(43)(G) – tied the original theft offense with the sentence of one year or more. A.R. 7-8.[1] In a single-member order, the BIA disagreed with counsel, holding that Ahmed's "sentence to a determinate term of imprisonment of 1 year compel[led] the conclusion that his prior probationary sentence was revoked, resulting in the imposition of a sentence for the underlying grand larceny offense." A.R. 2. The BIA

_____

[1]As the BIA noted, see A.R. 2, counsel did not cite any authority for this argument.

2

further noted that Ahmed's resulting status as an aggravated felon made him statutorily ineligible for relief such as cancellation of removal. See INA § 240A(a)(3). Ahmed timely petitioned for review of the BIA's order.[2]

## II.

Ahmed, now acting *pro se*, renews his argument that the one-year sentence was punishment for violating the terms of his probation and not punishment for the original theft offense. See Petitioner's brief, 4-9.[3] He argues that he is not an aggravated felon, and he asks that we find him eligible for cancellation of removal. See id. at 9. We cannot accommodate him.

Under our precedent, we look to the term of imprisonment actually imposed – and not to the sentence that was statutorily *possible* – in order to determine, for purposes of INA § 101(a)(43)(G), whether "the term of imprisonment [was] at least one year." See United States v. Graham, 169 F.3d 787, 791 (3d Cir. 1999). Although Ahmed was initially sentenced to a probation-only sentence, he was subsequently resentenced to incarceration for one year for failure to comply with the terms of his probation. Notably,

---

[2]Ahmed mistakenly submitted his petition for review to the United States Court of Appeals for the Second Circuit. That court transferred the petition to this court.

[3]The Government argues that we lack jurisdiction to entertain Ahmed's arguments. See Respondent's brief, 7-9 (arguing that whether Ahmed was sentenced to one year for the probation violation or for the underlying conviction is an unreviewable question of fact). Whether Ahmed is an aggravated felon is a question of law, however. See, e.g., Bobb v. Atty. Gen'l, 458 F.3d 213, 217 (3d Cir. 2006). We review that question *de novo*. Id.

the New York state court's formal sentence and commitment, issued on the finding that Ahmed had violated the terms of his probation, specifically referenced the grand larceny statute and the original probationary sentence. A.R. 73. This strongly supports the BIA's view that Ahmed's original probation sentence was revoked and a one-year term of imprisonment was substituted in its place. A.R. 2. Moreover, the general rule is that a sentence imposed after a violation of probation is to be viewed as a modification of the original sentence and should, therefore, be treated as the term "imposed" for the conviction. See, e.g., United States v. Compian-Torres, 320 F.3d 514, 516 (5th Cir. 2003); United States v. Hidalgo-Macias, 300 F.3d 281, 285 (2d Cir. 2002). As the BIA noted in its order, New York follows this general rule. See Hidalgo-Macias, 300 F.3d at 285 ("under New York law, a sentence of probation is . . . a tentative disposition that may be altered or revoked") (internal quotation omitted); see also N.Y. PENAL LAW § 60.01(2)(b). Accordingly, the BIA committed no error when it treated Ahmed's one-year sentence as punishment for the original theft offense, making him an aggravated felon under the terms of INA § 101(a)(43)(G).[4] Furthermore, as the BIA correctly

---

[4]In his appellate brief, Ahmed argues that he received ineffective assistance from the attorney who represented him when his probation was revoked. Petitioner's brief, 9 ("Petitioner was advised by the counsel, a public defender[,] that his new conviction for violation of probation was not a deportable offence, therefore, ineffectively assisting his client"). This is an argument to be made in a collateral attack on the state-court disposition, not an argument that would justify granting Ahmed's petition for review. Until and unless Ahmed successfully attacks his state-court disposition, he is an aggravated felon who may be lawfully removed from the United States. See Pinho v. Gonzales, 432 F.3d 193, 215 (3d Cir. 2005).

realized, Ahmed's status as an aggravated felon made him statutorily ineligible for cancellation of removal. INA § 240A(a)(3).

## III.

For the reasons given, we will deny Ahmed's petition for review.[5] Ahmed's motion to supplement the record and his motion for leave to file a supplemental appendix out of time are denied.[6]

---

[5]Lopez v. Gonzales, 127 S. Ct. 625 (2006), decided by the Supreme Court after this case was briefed, does not have any bearing on the outcome. Lopez addressed different language in the aggravated felony statute, language defining drug trafficking offenses. In any event, Lopez did not alter the law in this circuit. See Gerbier v. Holmes, 280 F.3d 297, 308 (3d Cir. 2002).

[6]Both motions ask that we consider information that is not contained in the administrative record. Under INA § 242(b)(4), we may decide a petition for review only on the administrative record.