**UNITED STATES of America,**
**Appellee,**

v.

**Jorge COMPRES–PAULINO,**
**Defendant–Appellant.**

**Docket No. 04–1588.**

United States Court of Appeals,
Second Circuit.

Argued: Dec. 13, 2004.

Decided: Dec. 17, 2004.

Darrell B. Fields, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for Defendant–Appellant.

Marc P. Berger, Assistant United States Attorney for David N. Kelley, United States Attorney for the Southern District of New York (Harry Sandick, Assistant United States Attorney, on the brief), New York, N.Y. for Appellee.

Before: FEINBERG, STRAUB, and RAGGI, Circuit Judges.

PER CURIAM.

The question posed to us on this appeal is the significance to United States Sentencing Guideline § 2L1.2(b)(1) of a deportation and an illegal reentry that intervene between conviction for a drug trafficking crime punished by a sentence of parole and a later revocation of that parole followed by assignment of a prison term exceeding thirteen months. While nominally a novel issue for this Circuit, we find that our decisions in *United States v. Leiva–Deras*, 359 F.3d 183 (2d Cir.2004), and *United States v. Huerta–Moran*, 352 F.3d 766 (2d Cir.2003), support affirmance of the District Court's sentencing decision in this case.

The facts critical to the question presented to us are few. On June 8, 2000, defendant was convicted in New York Supreme Court on charges of criminal sale of a controlled substance. He was subsequently sentenced to three to six years of parole supervision and mandatory participation in an in-patient drug rehabilitation

program. Defendant completed the drug treatment program, was released on parole and on February 5, 2001, while still on parole, was deported to the Dominican Republic. Defendant illegally reentered the United States in May 2002 and was later arrested for, charged with, and convicted of criminal possession of a controlled substance. Due in part to this conviction, defendant's parole was revoked and he was sentenced to twenty-nine months' imprisonment based on his June 2000 conviction.

On October 9, 2003, defendant pleaded guilty in the District Court for the Southern District of New York to a single count of illegally reentering the United States after deportation subsequent to conviction for commission of an aggravated felony in violation of 8 U.S.C. §§ 1326(a), and 1326(b)(2). Sentencing for this offense is governed by § 2L1.2 of the United States Sentencing Guidelines. § 2L1.2(a) establishes a base offense level of eight for illegal reentry. § 2L1.2(b) provides for enhancements for reentry after conviction of various crimes. In particular, § 2L1.2(b)(1)(A) provides for an enhancement of sixteen levels when reentry occurs after "a conviction for a felony that is . . . a drug trafficking offense for which the sentence imposed exceeded 13 months," while § 2L1.2(b)(1)(B) provides an enhancement of only twelve levels when reentry occurs after "a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less." The District Court applied § 2L1.2(b)(1)(A), sentencing defendant to a term of sixty-three months' imprisonment. Defendant now appeals claiming that the District Court should have applied § 2L1.2(b)(1)(B) rather than § 2L1.2(b)(1)(A).

Under Supreme Court and Second Circuit precedent, "any punishment assessed for a violation of probation is actually imposed for the underlying conviction." *Huerta–Moran*, 352 F.3d at 770; *see also Alabama v. Shelton*, 535 U.S. 654, 662, 122 S.Ct. 1764, 152 L.Ed.2d 888 (2002) (terms of incarceration imposed after revocation of probation are imposed "not for the probation violation, but for the underlying offense"). It follows from this that the sentence imposed upon defendant for his June 2000 conviction on drug trafficking charges included a twenty-nine month term of imprisonment. Therefore, defendant illegally reentered the United States after having been convicted of "a drug trafficking offense for which the sentence imposed exceeded 13 months." U.S.S.G. § 2L1.2(b)(1)(A); *see also Leiva–Deras*, 359 F.3d at 190 (where we, in factual circumstances almost identical to those of this case, stated that "since the original sentence was for a drug trafficking offense, the four-year term of imprisonment imposed upon revocation of the defendant's probation qualifies as a sentence imposed for a drug trafficking offense under the guidelines").

As we read § 2L1.2(b)(1)(A), the fact that the twenty-nine month term of imprisonment based on defendant's June 2000 conviction was imposed after rather than before deportation and illegal reentry does not avoid the application of that guideline to the calculation of the base offense level for the unlawful reentry. The determinative factor is defendant's felony drug conviction before deportation. An amended sentence, whenever imposed, relates back to this conviction. *See United States v. Hidalgo–Macias*, 300 F.3d 281, 285 (2d Cir.2002) (per curiam) (collecting cases and describing the "federal view" that imposition of a sentence for probation is imposed on the original conviction); *Huerta–Moran*, 352 F.3d at 770 (citing *Hidalgo–Macias* and holding that sentence imposed upon revocation of probation exceeding 13

months qualifies as a sentence exceeding 13 months for purposes of § 2L1.2(b)(1)(A)(i); *Leiva–Deras,* 359 F.3d at 189–190 (same). Application note 1(A)(iv) to § 2L1.2(b)(1)(A) in the 2002 Guidelines Manual, which was removed by the 2003 amendments, does not dissuade us from this view. *Cf. United States v. Moreno–Cisneros,* 319 F.3d 456, 458 (9th Cir.2003) ("[§ 2L1.2(b)(1)(A) ] and application note [1(A)(iv) ] do not limit the sentence imposed to the sentence as it was originally imposed, and we can see no reason to infer such a limitation from the wording of the provisions."). That note, which the parties agree was applicable to defendant in this case, provided that "[i]f all or any part of a sentence of imprisonment was probated, suspended, deferred, or stayed 'sentence' imposed refers only to the portion that was not probated, suspended, deferred, or stayed."

While this reading of § 2L1.2(b)(1)(A) does not enjoy universal esteem, *see, e.g., United States v. Guzman–Bera,* 216 F.3d 1019 (11th Cir.2000) (per curiam), it is consistent with the reasoning underlying our prior holdings in *Huerta–Moran* and in *Leiva–Deras. See also Hidalgo–Macias,* 300 F.3d at 285 (rejecting the *Guzman–Bera* interpretation of "actual sentence imposed" as meaning "initial sentence imposed"). It is also consistent with discussions by other of our sister circuits. *See, e.g., United States v. Ruiz–Gea,* 340 F.3d 1181 (10th Cir.2003) (refusing to find plain error in district court's application of a 16–level enhancement when probation was revoked and sentence exceeding 13 months was imposed after deportation). Finally, while not dispositive, our holding today is consistent with the 2003 amendments to the application notes, eliminating former note 1(A)(iv) to § 2L1.2(b)(1)(A), and adding current note 1(B)(vii), which binds "sentence imposed" to the Guidelines' definition of "sentence of imprisonment" in U.S.S.G. § 4A1.2.

█ Relying on *Blakely v. Washington,* — U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), defendant claims that his Guidelines-determined sentence constitutes a violation of his rights under the Sixth Amendment to the United States Constitution. This is an untested application of *Blakely.* Pursuant to our decision in *United States v. Mincey,* 380 F.3d 102 (2d Cir.2004), we assume, until instructed to the contrary by the Supreme Court, that *Blakely* does not render unconstitutional sentences imposed under the Guidelines. Consistent with our present practice, however, the mandate in this case will be held pending the Supreme Court's much anticipated decisions in *United States v. Booker,* — U.S.——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004), and *United States v. Fanfan,* — U.S.——, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004). Should any party believe there is a need for the District Court to exercise jurisdiction prior to the Supreme Court's decisions in *Booker* and *Fanfan,* it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course described by Rule 40, Fed. R.App. P., this Court will not reconsider those portions of this opinion that address the defendant's sentence until after the Supreme Court's decisions in *Booker* and *Fanfan,* after which the parties will have until fourteen days following issuance of the Supreme Court's decisions to file supplemental petitions for rehearing.

For the foregoing reasons, the decision of the District Court is AFFIRMED.