In the

# United States Court of Appeals

### For the Seventh Circuit

No. 11-2458

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ANTONIO MEDINA,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 10 CR 735—**Blanche M. Manning**, *Judge.*

ARGUED JANUARY 11, 2012—DECIDED AUGUST 30, 2012

Before KANNE, WILLIAMS, and HAMILTON, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Antonio Medina was deported after two 1989 convictions, one for selling or transporting cocaine and the other for attempted robbery. But that did not prevent him from returning to the United States unlawfully, where he was convicted of illegal reentry and again deported. He entered the United States unlawfully a third time and was convicted in this case of being found in the United States in violation of 8 U.S.C. § 1326(a). He appeals the thirty-seven month sentence he received, contending that he should

not have received a sixteen-level enhancement for being deported after a felony conviction for a "drug trafficking offense" where the imposed sentence exceeded thirteen months or after a felony "crime of violence." Medina argues that his 1989 convictions did not fall within those definitions under the 1989 edition of the United States Sentencing Guidelines and so the enhancement does not apply. But because the crimes qualify under the 2010 Sentencing Guidelines, which were the guidelines in effect at the time of Medina's sentencing and are the guidelines that matter, the enhancement was proper. Therefore, we affirm Medina's sentence.

## I. BACKGROUND

Antonio Medina, a native and citizen of Mexico, came to the United States in 1982 to search for work. He was sixteen years old when he entered the United States illegally near El Paso, Texas. Medina found work and remained in the United States without incident for some time. However, seven years after his arrival, in January 1989, he was convicted in California state court of the sale or transportation of cocaine. He received a four-year sentence. Later that same year, he was convicted in another California state court, this time for attempted robbery. He was sentenced to two years' imprisonment for that offense and deported from the United States in December 1990.

In 1994, Medina unlawfully reentered the United States. He was convicted the next year of illegal reentry in violation of 8 U.S.C. § 1326 and sentenced to ten

months' imprisonment. In 1996, he was again deported and removed to Mexico. Medina again illegally returned to the United States. He encountered law enforcement officials in November of 2009. The following year, he was charged with violating 8 U.S.C. § 1326(a) because he was found in the United States on or about November 9, 2009 without the Attorney General's consent when he had previously been removed and deported. He pled guilty and signed and submitted a written plea declaration, but he did not enter into a plea agreement with the government.

The Presentence Report assigned a base offense level of eight to Medina's illegal reentry offense. It also assessed a sixteen-level enhancement pursuant to United States Sentencing Guideline § 2L1.2(b)(1)(A) for committing the instant crime after a conviction for a drug trafficking offense where the sentence exceeded thirteen months' imprisonment, or, alternatively, after a conviction for a crime of violence. The PSR did not assess Medina any criminal history points. The resulting advisory guidelines range was 37-46 months' imprisonment.

Medina objected to the sixteen-level enhancement. He maintained that the guidelines in effect in 1989, when he was sentenced for the narcotics and attempted robbery convictions, would not have considered either offense to be a "drug trafficking offense" or a "crime of violence" and so he should not receive the enhancement. The district court rejected Medina's position and applied the 2010 guidelines which were in effect on the day he was sentenced. Using the definitions in the 2010 guide-

lines, the district court concluded that the sixteen-level enhancement was proper.

Medina requested a sentence of 6-12 months' imprisonment. Pointing to Medina's multiple convictions and multiple instances of illegal reentry, the district court imposed a sentence of 37 months' imprisonment, and Medina appeals.

## II. ANALYSIS

Medina maintains he should not have received a sixteen-level enhancement for illegally reentering the United States after committing a qualifying drug trafficking offense or crime of violence. We review the district court's application of the sentencing guidelines de novo and its findings of fact for clear error. *United States v. Sheneman*, 682 F.3d 623, 630 (7th Cir. 2012).

The United States Sentencing Guidelines assign a base offense level of 8 to the offense of unlawfully entering or remaining in the United States. U.S.S.G. § 2L1.2(a). But, "[i]f the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence, . . ." or other offenses not relevant here, then the offense level increases by 16 levels. U.S.S.G. § 2L1.2(b)(1)(A) (2010).[1]

---

[1] Effective November 1, 2011, the sixteen-level increase only applies "if the conviction receives criminal history points

(continued...)

The 2010 Guidelines define "drug trafficking offense" as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance." U.S.S.G. § 2L1.2 cmt. n.1(B)(iv) (2010). Medina was convicted in California in 1989 of violating a statute providing that

> every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport [a controlled substance] . . . shall be punished by imprisonment . . . .

Cal. Health & Safety Code § 11352(a). Medina does not contest that his 1989 conviction falls within the 2010 guideline's definition of "drug trafficking offense."

Medina argues, however, that the "drug trafficking offense" definition in the 1989 Sentencing Guidelines should control here because that is when he was sentenced for the California crime. The Sentencing Guidelines in effect at that time did not include "offer to sell" in the

---

[1] (...continued)

under Chapter Four," while the offense level increases "by 12 levels if the conviction does not receive criminal history points." Medina was sentenced on May 31, 2011, before the amendment took effect. So although he did not have any criminal history points, he did not receive the benefit of the amendment at sentencing.

definition of "drug trafficking offense." Because his California drug conviction occurred before the November 1, 2008 guideline amendment that added "offer to sell," Medina maintains the sixteen-level enhancement was improper.

Medina's argument fails for several reasons. The general rule at sentencing is that the court uses the Guidelines Manual in effect on the date of sentencing, regardless of when the offense was committed. *See* 18 U.S.C. § 3553(a)(4)(A)(ii); *Dorsey v. United States*, 132 S. Ct. 2321, 2332 (2012); U.S.S.G. § 1B1.11(a), (b)(2) (2010). If using the Manual in effect on the date of sentencing would violate the *ex post facto* clause of the Constitution, then the sentencing judge uses the Manual in effect on the date that the offense of conviction was committed. *See Dorsey*, 132 S. Ct. at 2332; U.S.S.G. § 1B1.11(b)(2) (2010). We have ruled that in light of the now-advisory nature of the guidelines, using the guidelines in effect on the date of sentencing does not violate the *ex post facto* clause. *United States v. Demaree*, 459 F.3d 791, 795 (7th Cir. 2006). Other circuits have disagreed with our decision in *Demaree*. *See United States v. Ortiz*, 621 F.3d 82, 87 (2d Cir. 2010); *United States v. Lewis*, 606 F.3d 193, 199 (4th Cir. 2010); *United States v. Lanham*, 617 F.3d 873, 889-90 (6th Cir. 2010); *United States v. Larrabee*, 436 F.3d 890, 894 (8th Cir. 2006); *United States v. Wetherald*, 636 F.3d 1315, 1321 (11th Cir. 2011); *United States v. Turner*, 548 F.3d 1094 (D.C. Cir. 2008).

If our decision in *Demaree* were incorrect, the consequence would be to use the guidelines in effect on the

date of the offense, rather than on the date of sentencing. *See* U.S.S.G. § 1B1.11(b)(2) (2010). Medina pled guilty to being "found in" the United States without the permission of the Attorney General after having been deported on or about November 9, 2009, and Medina does not dispute that this was the date of his offense for purposes of U.S.S.G. § 2L1.2. *Cf. United States v. Are*, 498 F.3d 460, 467 (7th Cir. 2007) (holding that statute of limitations for a "found in" conviction under § 1326(a) begins to run when government discovers alien's presence or when it arrests alien). The guidelines in effect in November 2009 included "offer to sell" in the "drug trafficking offense" definition. So the difference between *Demaree* and the other circuits therefore would not matter here.

Medina also argues that it was not proper for the district court to consider the 1989 convictions in imposing the enhancement because they occurred before his 1995 illegal reentry conviction. He suggests that the 1989 convictions were used to enhance his sentence for the 1995 illegal reentry conviction (it is not clear that this actually happened, but no matter) and contends that those same 1989 convictions should not be used again to enhance his sentence in the instant case.

As support, Medina points to our decision in *United States v. Lopez*, 634 F.3d 948 (7th Cir. 2011). *Lopez*, however, does not help Medina. In *Lopez*, we considered a challenge to a § 2L1.2 enhancement where the defendant had a previous state court drug trafficking conviction for which he was initially sentenced to probation. He was then deported from the United States and

later illegally reentered the country. His probation was revoked, and the state court imposed a sentence of three years in prison. We concluded that for purposes of the § 2L1.2(b)(1)(A)(I) enhancement's requirement that the defendant previously be deported after a conviction for a drug trafficking felony where the sentence imposed exceeded thirteen months, the time to measure the sentence is before the deportation. *Id.* at 950. Because the *Lopez* defendant only received a sentence of more than thirteen months on a drug trafficking offense *after* he was deported and illegally reentered, we held that the sixteen-level enhancement did not apply. *Id.* Here, in contrast, the sentences for Medina's California convictions, both of which exceeded thirteen months, were imposed before his deportation and removal. Therefore, our decision in *Lopez* does not support Medina.

Moreover, nothing in the text of the guideline supports Medina's reading. The guideline states the enhancement applies if the "defendant previously was deported . . . after" a conviction for a certain crime, which is exactly what happened here. The "section 2L1.2(b)(1) enhancement reflects a judgment by the Sentencing Commission that the illegal reentry of an individual previously deported following a conviction for certain crimes poses a greater risk to the general public's health, safety, and welfare than the illegal reentry of an alien otherwise deported." *United States v. Garcia-Lopez*, 375 F.3d 586, 589 (7th Cir. 2004). That Medina's 1989 convictions occurred before his 1995 deportation does not change the fact that he was convicted of those crimes. The enhance-

ment's concern with recidivism, *see id.*, would be hindered, not helped, were we to accept Medina's argument.

The district court also correctly ruled that the sixteen-level enhancement is independently supported by Medina's 1989 conviction for armed robbery. Drug trafficking offenses for which the sentence imposed exceeds thirteen months are not the only felonies that support the sixteen-level enhancement. The enhancement also applies if the defendant previously was deported after a felony conviction for a crime of violence, a firearms offense, a child pornography offense, a national security or terrorism offense, a human trafficking offense, or an alien smuggling offense. U.S.S.G. § 2L1.2(b)(1)(A)(ii)-(vii) (2010). The 2010 guidelines include robbery in its list of offenses that are specifically designated as crimes of violence. U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). And "[p]rior convictions of offenses counted under subsection (b)(1) include the offenses of . . . attempting [ ] to commit such crimes." U.S.S.G. § 2L1.2 cmt. n.5 (2010). Attempted robbery is therefore a crime of violence for purposes of U.S.S.G. § 2L1.2. So the enhancement was also proper because Medina had a prior felony conviction for a crime of violence. This is true even though the guidelines in effect in 1989 did not specifically enumerate robbery as a crime of violence, but as we pointed out, those guidelines do not control here.

The district court properly calculated the guideline range, and it had the discretion to impose a sentence outside the guidelines range if its consideration of the factors in 18 U.S.C. § 3553(a) persuaded it to do so. *See*

*Gall v. United States*, 552 U.S. 38, 50 (2007). As part of this consideration the district court had the discretion to consider whether the length of time between the 1989 convictions and the current offense warranted a lower sentence. *See United States v. Myers*, 569 F.3d 794, 800 (7th Cir. 2009); *United States v. Turner*, 569 F.3d 637, 640 (7th Cir. 2009). In light of Medina's multiple instances of illegal reentry, the judge declined to impose the lower sentence that Medina sought, and the district court's exercise of discretion was not unreasonable.

## III.  CONCLUSION

The judgment of the district court is Affirmed.