EASTERBROOK, Circuit Judge.
Alfredo Vasquez-Hernandez pleaded guilty to a drug conspiracy. 21 U.S.C. § 846. He admitted transporting 200 kilograms of cocaine, worth some $5 million, on behalf of the notorious Sinaloa Cartel, and to receiving a further 76 kilograms to be sold on consignment for about $2 million. The district court calculated a Guidelines range of 188 to 285 months’ imprisonment and sentenced Vasquez-Hernandez to 264 months, about 2 lk years more than the high end of the range. Although Vasquez-Hernandez conceded being an agent of others, the district judge concluded that he also had a supervisory role — that, indeed, anyone entrusted with $7 million of someone else’s cocaine must have high status in the organization. Vasquez-Hernandez contends on appeal that these were one-off transactions, that he supervised no one, that the range therefore should have been 135 to 168 months, and that his sentence should be within that range..
The principal appellate contest revolves around the three offense levels that the district judge added under U.S.S.G. § 3Bl.l(b), which applies when the defendant was “a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive”. The district court found that the Sinaloa Cartel is substantially larger than five participants, and that Vasquez-Hernandez had criminal contact with at least that many persons. If an organization has five members (or is otherwise extensive), supervising any one of them supports the enhancement. See United States v. Figueroa, 682 F.3d 694, 696-97 (7th Cir. 2012). The judge’s findings are not clearly erroneous.
Vasquez-Hernandez makes much of the district judge’s failure to name the persons he managed or supervised. Yet the language of § 3Bl.l(b) does not require naming names, nor does our case law. See United States v. Mansoori, 304 F.3d 635, 668-69 (7th Cir. 2002); United States v. Richards, 198 F.3d 1029, 1031, 1034 (7th Cir. 2000). This leaves only Vasquez-Hernandez’s argument that he just didn’t supervise anyone.
One problem with this argument is the sheer quantity of cocaine to which he admitted. No one can carry 276 kilograms of cocaine on his back or hide it in the glove compartment of a car. Moving any substance of this weight and bulk requires the assistance of multiple people. And the district judge inferred from the fact that the Sinaloa Cartel was willing to trust Vasquez-Hernandez with $7 million worth of cocaine that he had a high status in the organization and was in a position to tell at least some other people what to do, rather than being at the bottom of the totem pole. That inference is not clearly erroneous.
More: Vasquez-Hernandez effectively admitted .supervising some- others. “Individual A” (whose name has been concealed for his safety) fronted the 76 kilograms to Vasquez-Hernandez. As part of his plea, Vasquez-Hernandez stated that he “utilized Individual A’s connections to arrange for the transportation of the cocaine”. This strongly implies that he told Individual A’s associates (his “connections”) what to do. It may -be that Vasquez-Hernandez and Individual A were on the same level of the organization, neither giving instructions to the other, but that can’t be said about the “connections” through whom Vasquez-Hernandez made essential arrangements.
*854 The district court did not make any findings of fact on this subject (beyond saying that Vasquez-Hernandez must have had some “subordinates” to move the drugs) and did not need to. Disputes must be resolved by findings; undisputed matters may be taken as established. The district court did remark that 276 kilograms of cocaine can’t be moved by one person, and that the quantity alone prevents treating Vasquez-Hernandez as a low-level mule. This means that Vasquez-Hernandez had authority over at least one person — and, since that person need not be identified, the application of an enhancement under § 3Bl.l(b) was not an abuse of discretion.
Vasquez-Hernandez maintains that the judge should not have imposed a sentence longer than 235 months, the top of the range as the court calculated it. His sentence was 29 months higher, which does not require elaborate justification. The quantity table in U.S.S.G. § 2D1.1 assigns 150 to 450 kilograms of cocaine to offense level 36. Vasquez-Hernandez was responsible for at least 276 kilograms of cocaine, almost double what is necessary to produce that level. The judge also suspected that Vasquez-Hernandez was lying when he said that these 276 kilos represent the only drugs for which he is responsible, and that he is just the proprietor of a struggling auto-repair shop who accepted help in the form of 276 kilos of cocaine from friends who wanted to assist his family financially. The judge stated: “I cannot sit here, as a judge who’s been on the bench for 20 years and who’s been involved in the drug war for a good portion of my life, and think for one second, nor do I think any other Chicagoan could think for one second that this was the first time that you just happened to do this, that you ... got up out of bed and said, well, let me do a 276-kilogram transaction to Chicago today.”
The prosecutor produced statements from other confessed participants in the Sinaloa Cartel that attributed substantial quantities to Vasquez-Hernandez. These conspirators asserted that they, working together with Vasquez-Hernandez, had imported at least ten tons of cocaine— mostly by aircraft but some by trains and submarines — and smuggled the proceeds back to Mexico. The district court decided to take the approach most favorable to Vasquez-Hernandez and disregard this evidence, although at one point the judge mused that it called into question the wisdom of giving Vasquez-Hernandez a three-level reduction for acceptance of responsibility. (If the evidence had been credited, Vasquez-Hernandez not only would have lost this reduction but also would have been exposed to a two-level addition for obstructing justice by falsely denying relevant conduct.) The district court’s overall approach cannot be deemed unreasonably unfavorable to Vasquez-Hernandez.
Indeed, we wonder whether the district judge’s decision to exceed the top of the Guidelines range does not show that details such as the § 3B1.1 enhancement were irrelevant. Multiple potential additions and subtractions were in play. We’ve mentioned three — supervision, acceptance of responsibility, and obstruction of justice — and there were more. If it was a mistake to decide the supervision issue adversely to Vasquez-Hernandez, it may equally have been a mistake to rule in his favor on acceptance of responsibility and the quantity of cocaine for which he is accountable.
We have urged district judges to let us know whether they would have imposed the same sentence even if they had also ruled differently on one of the many subsidiary issues that the Guidelines pose. See, e.g., United States v. Hawkins, 777 F.3d 880, 885 (7th Cir. 2015); United *855 States v. Lopez, 634 F.3d 948, 953-54 (7th Cir. 2011); United States v. Sanner, 565 F.3d 400, 405-06 (7th Cir. 2009). The district judge’s statements at sentencing strongly imply that three levels one way or the other (either for supervision or acceptance of responsibility) just did not affect the sentence. He said several times that 25 years (less credit for time Vasquez-Hernandez had spent in Mexican confinement) was the only sensible sentence. But the judge did not say expressly that he would have held to this view had the Guidelines range been as low as 135 to 168 months, as Vasquez-Hernandez contends it should have been. It would help both litigants and the court of appeals for judges to say when every last level matters, and when it does not.
Affirmed