FILED
United States Court of Appeals
Tenth Circuit

June 26, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES BRADLEY NELSON,

Defendant - Appellant.

No. 12-6317
(D.C. No. 5:12-CR-00100-R-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

After James Nelson pleaded guilty to sexual abuse of his minor daughter in violation of 18 U.S.C. § 2243(a), he and the government agreed that the advisory sentencing guidelines suggested a sentence in the range of 51 to 63 months' imprisonment. At sentencing, however, the district court varied upward, imposing a 180-month sentence, the statutory maximum. Now before us, Mr. Nelson appears to dispute both procedural and substantive aspects of his sentence.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Because Mr. Nelson made no such objection before the district court, however, we review his appeal only for plain error. *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007). In the end, we see no error at all.

Mr. Nelson begins by suggesting that the district court's sentence was "unreasoned," which we take to mean procedurally deficient. It is certainly the case that when a sentence falls outside the advisory guidelines range, as it does in this case, the district court must, as a matter of procedure, provide specific reasons for imposing a sentence different from what the guidelines suggest. *See Ruiz-Terrazas*, 477 F.3d at 1200; *United States v. Mendoza*, 543 F.3d 1186, 1191-92 (10th Cir. 2008). That, however, the district court did here. After considering the § 3553(a) factors, the district court explained its view that it did not think the guidelines range adequate in this case "given what [Mr. Nelson] did to [his minor children]." In fact, while the advisory guidelines sentence included an enhancement for Mr. Nelson's "pattern" of molesting his daughters, only two separate occasions of sexual conduct were necessary to trigger the enhancement. *See* U.S.S.G. § 4B1.5 cmt. 4(B)(i). In this case, meanwhile, Mr. Nelson repeatedly molested his eldest daughter for nine years and then proceeded to follow the same pattern with his younger daughter. Given this, we are persuaded the district court provided a sufficiently specific reason for departing from the guidelines' recommendation.

Alternatively, Mr. Nelson suggests his sentence isn't substantively reasonable in light of his criminal record when viewed in whole. He also suggests his sentence isn't substantively reasonable because the district court harbored a "desire to incarcerate Mr. Nelson for as long as the statute provided and for no other reason." Appellant's Br. at 8. But "to win a substantive reasonableness appeal is no easy thing" given the considerable discretion a district court enjoys at sentencing. *United States v. Rendon-Alamo*, 621 F.3d 1307, 1310 n.** (10th Cir. 2010). In this case, Mr. Nelson's criminal record when viewed in whole was not as inconsiderable as he suggests, involving, as we have already seen, repeated sexual misconduct against two different minors over many years, as well as another preexisting conviction for possession of child pornography. Neither do we see an indication that the district court was driven by a mindless desire to incarcerate Mr. Nelson for as long as possible "and for no other reason." To the contrary, the district court expressed a concern with fashioning a sentence that both (1) took full account of the nature and continuity of Mr. Nelson's conduct and (2) addressed what the district court thought was a genuine "threat to society," given that court's (uncontested) judgment that Mr. Nelson's conduct demonstrated a serious chance of recidivism.

Mr. Nelson's sentence is affirmed.  The government's motion to file its brief under seal is granted.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge