FILED
**United States Court of Appeals**
**Tenth Circuit**

**December 20, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

HIDEY DIAZ, a/k/a Silvio Manuel
Amador, a/k/a Celio Alvarez-Carrasco,

  Defendant - Appellant.

No. 20-1269
(D.C. No. 1:18-CR-00553-RBJ-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

Hidey Diaz[1], a previously deported Honduran national, was arrested and charged

with first-degree trespass of a dwelling in Arapahoe County, Colorado. While he was in

state custody, a federal grand jury in the United States District Court for the District of

Colorado indicted Mr. Diaz on a charge of illegal reentry after deportation, in violation of

8 U.S.C. § 1326(a). The Government obtained an arrest warrant for Mr. Diaz but did not

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

[1] Mr. Diaz also goes by the name of Silvio Amador.

proceed on the federal charge at that time. Before the Government pursued the federal prosecution, Mr. Diaz pleaded guilty to the state charge.

Mr. Diaz made his initial appearance in federal court almost a year after the federal indictment. Mr. Diaz then pleaded guilty to the federal illegal reentry charge. The state conviction altered his United States Sentencing Guidelines range in two ways: (1) the applicable criminal history category increased from V to VI, and (2) the applicable offense level score increased by eight levels.

At sentencing, Mr. Diaz moved for a variance, citing the Guidelines range that would have applied if the Government had pursued the federal prosecution without delay and before his state conviction. The district court denied Mr. Diaz's motion for a variance and sentenced him to 63 months' incarceration. Mr. Diaz now challenges his sentence as substantively unreasonable. For the following reasons, we affirm his sentence.

## I.  BACKGROUND

### A.  Factual History

Mr. Diaz, a Honduran national, has a history of immigration violations. He was previously deported in 2010, 2012, and 2018, and convicted of illegally reentering the country in 2012. On November 4, 2018, Mr. Diaz was arrested on a first-degree trespass of a dwelling charge in Arapahoe County, Colorado after he opened an unlocked window to enter a residence and "[a] fight ensued." ROA Vol. 3 at 30. The day after his arrest, federal immigration authorities discovered Mr. Diaz in custody at the Arapahoe County Detention Facility. On December 4, 2018, a grand jury sitting in the District of Colorado charged Mr. Diaz with illegal reentry after deportation, in violation

of 8 U.S.C. § 1326(a). The Government obtained an arrest warrant for Mr. Diaz but did not serve him at that time.

On October 28, 2019, Mr. Diaz pleaded guilty to the state charge and was sentenced the same day to two years' incarceration. On December 2, 2019, almost a full year after his federal indictment, Mr. Diaz appeared in federal court for the first time. He pleaded guilty to the federal charge on January 23, 2020. The plea agreement estimated the Guidelines range as 41–51 months' incarceration, based on an offense level of sixteen, a criminal history category of V, and a one-level downward departure because of the "fast-track" nature of the proceedings pursuant to the United States Sentencing Commission, *Guidelines Manual*, §5K3.1 (2018).

The Presentence Investigation Report ("PSR") calculated the applicable Guidelines range as 70–87 months' incarceration, with a criminal history category of VI and an offense level of twenty, accounting for the one-level downward departure for fast-track proceedings. The increase in the criminal history category from V, as contemplated by the plea agreement, to VI, was due to the three points added to Mr. Diaz's criminal history score as a result of the state conviction. The offense level calculation was also impacted by the state conviction. Under USSG §2L1.2(b)(3)(A)-(D), an increase is called for where, at any time after having first been deported, a defendant is convicted of a felony that is not an illegal reentry offense. The size of the increase under §2L1.2(b)(3)(A)-(D) is tied to the length of the sentence for the triggering felony. Because Mr. Diaz was sentenced to two years' incarceration in his state case, he received an eight-level increase pursuant to USSG §2L1.2(b)(3)(B). Ultimately, the PSR

3

recommended a total offense level of twenty-one, after a reduction for acceptance of responsibility. The one-level downward departure for fast-track proceedings then brought the offense level down to twenty. Without the impact of the state conviction, the applicable Guidelines range would have been 27–33 months.[2]

### B. Procedural History

Prior to sentencing, Mr. Diaz moved for a variance, requesting a sentence of 30 months' incarceration and citing the Guidelines range which would have applied without the state conviction. His motion largely focused on the prejudice created by the delay in the federal prosecution. He argued a 30-month sentence was appropriate due to "the sentencing disparity and prejudice caused by the government's failure to transfer [Mr. Diaz] to federal custody at the time of his Indictment." ROA Vol. 1 at 37. Without the delay in the federal prosecution, he argued a lower Guidelines range would have applied and his sentence would have been significantly lower. In response, the Government argued it was "within its right" to let the state case "resolve prior to securing [Mr. Diaz's] presence in federal court." *Id.* at 51.

The district court denied Mr. Diaz's request for a variance. In imposing the sentence, the district court emphasized the importance of deterrence given Mr. Diaz's history of illegal reentries. The district court also cited community safety issues,

---

[2] In the absence of the state conviction, Mr. Diaz's total offense level would have been twelve and his criminal history category V. This can be calculated by simply removing the three points added to Mr. Diaz's criminal history score due to his state conviction, as well as the eight-level offense level increase he received under USSG §2L1.2(b)(3)(B). The resultant Guidelines range would then be 27–33 months. *See* USSG Chapter 5 Pt. A Sentencing Table.

referencing the state trespassing case and Mr. Diaz's previous conviction for driving while ability impaired.

The district court ultimately decided some variance from the Guidelines range was warranted—sentencing Mr. Diaz to 63 months' incarceration. The district court explained it varied for two reasons: (1) because the plea agreement contemplated the applicable criminal history category as V; and (2) because it could arrive at 63 months by deducting 24 months (reflecting the state sentence) from the 87-month sentence warranted by the top of the Guidelines range. Mr. Diaz filed a timely notice of appeal.

## II. DISCUSSION

Mr. Diaz argues his sentence is substantively unreasonable because the delay in the federal prosecution resulted in an increase to the applicable Guidelines range due to the intervening state conviction. For the following reasons, we affirm Mr. Diaz's sentence.

"We review the substantive reasonableness of a sentence for abuse of discretion." *United States v. Lawless*, 979 F.3d 849, 855 (10th Cir. 2020). We give "substantial deference" to the district court and will only overturn a sentence only if it was "arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* (quotation marks omitted). Mr. Diaz must therefore show that the sentence fell "outside the realm of the rationally available sentencing choices available to the district court." *United States v. Rendon-Alamo*, 621 F.3d 1307, 1310 n. ** (10th Cir. 2010). Indeed, "there are perhaps few arenas where the range of rationally permissible choices is as large as it is in sentencing." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007). In addition, because Mr. Diaz's

5

63-month sentence was below the computed Guidelines range of 70– 87 months, there is a presumption of reasonableness. *United States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir. 2011).

Mr. Diaz argues his "guideline range was markedly higher than it otherwise would have been," because the delay in the federal prosecution[3] allowed for the intervening state conviction that increased the applicable Guidelines range, resulting in a substantively unreasonable sentence. App. Br. at 13. Specifically, he argues he was "treated much worse than one in his situation who did not experience unjustified government delay." *Id.* at 14. In support of his argument, Mr. Diaz points to 18 U.S.C. § 3553(a)(6), which requires the district court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," when imposing a sentence.

Mr. Diaz argues the district court should have compared his sentence to those imposed on "others similarly situated who are not subjected to such delay," under § 3553(a)(6). *Id.* at 13. In particular, he claims the district court should have compared his sentence to those available to defendants without an intervening state conviction. However, nothing in the plain language of the statute supports the comparison Mr. Diaz advances. Mr. Diaz does not argue the district court's sentence was unreasonable for someone with his record—only that his record would have been different if the

---

[3] Mr. Diaz does not claim a violation of his Sixth Amendment right to speedy trial. A discussion of whether the delay in prosecution was constitutionally appropriate is therefore unwarranted.

Government had pursued the federal prosecution before his state conviction. The statute, however, does not contemplate comparisons of defendants with different criminal records. At the time of sentencing on the federal offense, the district court properly considered Mr. Diaz's record as it was, not as it might have been. We therefore reject Mr. Diaz's argument that the sentence imposed created unwarranted disparities.

Even if Mr. Diaz was correct that the district court should have considered the delay under § 3553(a)(6), the need to avoid unwarranted sentencing disparities is "but one of several factors for a court to consider in determining a reasonable sentence." *United States v. Morales-Chaires*, 430 F.3d 1124, 1131 (10th Cir. 2005). The district court appropriately reviewed other factors under 18 U.S.C. § 3553 in imposing its sentence. The district court cited deterrence as a primary consideration, noting Mr. Diaz's "repetitive history of illegal reentries," and the fact that "his previous sentences of imprisonment, including most recently 24 months in federal prison, have not deterred him." ROA Vol. 4 at 37; *see also* 18 U.S.C. § 3553(a)(2)(B). The district court also considered community safety, citing "[t]he home invasion where he actually got into a scuffle with one of the residents" and a prior conviction for driving while ability impaired. ROA Vol. 4 at 37; *see also* 18 U.S.C. § 3553(a)(2)(C). The district court was also influenced by Mr. Diaz's criminal history, specifically that "each time he comes back illegally he commits additional crimes," "the nature and circumstances of the offense," and the "particulars of his personal history." ROA Vol. 4 at 33, 36; *see also* 18 U.S.C. § 3553(a)(1).

Because the district court appropriately considered a variety of factors in reaching its sentence and did not create unwarranted sentencing disparities, the sentence was not "arbitrary, capricious, whimsical, or manifestly unreasonable." *Lawless*, 979 F.3d at 855 (quotation marks omitted). Instead, the sentence fell within "the realm of the rationally available sentencing choices available to the district court." *Rendon-Alamo*, 621 F.3d at 1310 n. **.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM Mr. Diaz's sentence.

Entered for the Court


Carolyn B. McHugh
Circuit Judge